MOSHER v. PARKER BROS. & CO., Inc.
The ELSIE M.
The OHIO.
No. 12804.

United States Court of Appeals
Fifth Circuit.
Jan. 6, 1950.

Rehearing Denied Jan. 19, 1950.

T. G. Schirmeyer, Houston, Texas, for appellant.

Robert Eikel, Houston, Texas, for appellee.

Before HUTCHESON, WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

The Tug Elsie M., pulling two barges loaded with oyster shells, and the Tug Ohio, pulling one empty barge, met in an "S" bend in Buffalo Bayou above the Houston Ship Channel Turning Basin. The Court below, in its findings of fact and conclusions of law, made the following statement:

"Such stream in that area had many bends and shoals and was difficult to navigate. While thus proceeding the Elsie M grounded, and her tow, the two loaded barges piled up on her, injuring her.

"(b) The Tug Ohio, with an empty shell barge in tow, was proceeding in an easterly direction along such Bayou, and those operating the Ohio saw the Elsie M a short time after she was grounded. The Ohio and her tow undertook to and did pass by the Elsie M and her tow, which is apparently the basis of the claim of the Elsie M and her owners that the Ohio and/or her tow caused the injury to the Elsie M. I think and find, however, that the facts are that the Ohio and her tow pushed by the Elsie M and her tow without in any way injuring them. I find that the injury to the Elsie M was, as stated, caused by her grounding and her tow or barges piling up on her.

"Conclusions of Law.

"1. Under the foregoing Findings, I conclude that Libelant is not entitled to recover."

There is testimony by a marine surveyor of very heavy damage to the Elsie M. It will be observed, however, that the lower Court found that these damages were not caused by the Ohio, or by her tow, striking the Elsie M., but that the damage was caused by the grounding of the latter. It will, also, be noted that the lower Court found the facts to be "that the Ohio and her tow pushed by the Elsie M and her tow without in any way injuring them."

While it is true that this Court has the privilege and power of trying the case *de novo,* See Pavlis v. Jackson (The Portaritisa), 5 Cir., 131 F.2d 362, nevertheless, it is not required to do so or to substitute its judgment for that of the trier of the facts who saw and heard the witnesses and determined their credibility or lack thereof. Since the issues in this case are entirely factual, we prefer to accept the findings of the lower Court where they are supported by substantial evidence.

It is apparent that the lower Court decided this case on the theory that the Ohio and its barges merely "pushed by" the Elsie M. and her tow without injuring them. If this finding of fact is supported by substantial evidence, even though there is evidence to the contrary, we should not disturb those findings where, as here, the answer must, of necessity, be resolved out of the credibility to be accorded certain of the witnesses, whose credibility can best be determined by the judge who saw and heard those witnesses testify.

An examination of the testimony reveals definite and substantial evidence by several witnesses in support of the Judge's findings that the Ohio and her barges did not damage the Elsie M. but merely brushed same at a very slow speed without in anywise injuring the Elsie M.[1] The Judge

---

1. Excerpts from the testimony of several of the witnesses, set out below, clearly support the Judge's findings that the damage was not done to the Elsie M. by the Ohio.

Thayer, Acting Relief Captain of the Elsie M., testified (R. 29):

"Q. Now, what damage did you have to the bow of your boat? A. None, that I know of; I didn't examine it."

The same witness, at page 41, testified:

"Q. Well, now, wasn't it necessary for them to ease up and push your stern barge out of the way, in order to pass? A. I don't know whether they did or not; I don't recall them doing that.

"Q. You don't recall? A. I was pretty busy with my boat there at that time. *They just eased right on by.*" (Emphasis added.)

below thought that the damage to the Elsie M. was caused by her running aground and by the piling of her own barges upon her stern when she was stopped by said grounding. However, it is not necessary for us to determine the cause of the damage to the Elsie M. in view of the fact that the findings of the Court below are supported by substantial evidence that the damage was not caused by either the Ohio or her tow. These findings we decline to disturb.

The judgment of the Court below is Affirmed.

Reynolds, deck hand on the "Ohio", testified (R. 178, 179):

"Question: How did you get by the 'Elsie M.'s' tow that day? Answer: Well, we went on by. We stopped our tow and eased alongside her barges.

"* * * question: Did your tug or tow hit the 'Elsie M'?

Answer: No, we put the bow of our boat against her barge and pushed the barge on around and that gave us room to ease by her."

Martin, mate or acting captain on the Ohio, testified (by deposition) (R. 200 and 226):

"Q. Now, just tell us what happened then after that, what you saw and what you did on your tug and what the other tug did? A. Well, I stopped and, before I know, she [the 'Elsie M.'] proceeded on in and ran into the bank.

"Q. Then what happened? A. After she ran into the bank, I eased on down and put the bow of my boat against her stern barge and pushed them around and proceeded on my way."

*    *    *    *    *    *    *

"Q. Did your barge touch the tug 'Elsie M'? A. No, sir.

"Q. And were you looking at all times at the 'Elsie M.' when you passed her? A. Yes, sir.

"Q. Did your barges touch the barges of the tug 'Elsie M.'? A. Not until I shoved the barges around.

"Q. How did you shove them around? A. Put the bow of my boat against it and shoved them over, and proceeded on with my tug.

"Q. At the time you put the bow of your boat against the barge of the tug 'Elsie M.' what speed were you making? A. Barely moving.

"Q. And your barges are considerably wider than the tug 'Ohio'? A. Yes, sir.

"Q. When you put the bow of your tug against the barges of the 'Elsie M.' did your barges strike any of the 'Elsie M.'s' barges? A. Scraped them?

"Q. Yes. A. Slid alongside of them.

"Q. And did they touch the tug 'Elsie M.'? A. No, sir."